___ FILED       ___ RECEIVED
___ ENTERED     ___ SERVED ON
             COUNSEL/PARTIES OF RECORD

DEC 1 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY ALLEN WILSON,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:12-cv-00437-RCJ-WGC

**ORDER**

    Petitioner has paid the filing fee (#6). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler,

132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a plea agreement, petitioner was convicted in state district court of two counts of sexual assault upon his daughter. The state district court entered its judgment on October 28, 1998. Petitioner did not appeal, and the judgment became final on November 27, 1998.

More than nine years later, petitioner received two letters of recantation. The pre-sentence investigation report noted that petitioner was alleged to have sexually molested his sister and his half-niece. Ex. 7, at p. 9.[1] According to petitioner's sole count for relief, the prosecution had harassed his sister into making those claims. In the first letter, dated January 22, 2008, petitioner's sister recants her statements that petitioner raped both her and petitioner's half-niece. Ex. 1. In the second letter, dated, May 7, 2008, the adoptive mother, and previously a foster mother, of the half-niece denies that petitioner ever raped the half-niece. Ex. 2.

On November 5, 2009, more than a year after petitioner received the letters of recantation, petitioner filed in the state district court a motion to correct an illegal sentence. The state district court dismissed two of the grounds. The state district court appointed counsel to assist petitioner on

---

[1] All exhibits are attached to the petition.

the remaining ground, that the sentence was illegal because petitioner's sentence was based upon now-recanted testimony. Ex. 3. On or around November 4, 2010, counsel filed in state district court a supplemental motion to correct an illegal sentence and a petition for a writ of habeas corpus. The state district court dismissed both. First, it noted that the motion to correct an illegal sentence addressed matters that were beyond the scope of what such a motion can address. Second, it determined that the habeas corpus petition was untimely. The state district court rejected petitioner's claims of actual innocence to excuse operation of the time bar. Ex. 4. Petitioner appealed. On May 9, 2012, the Nevada Supreme Court affirmed in all respects. Remittitur issued on June 4, 2012. Ex. 5. Petitioner mailed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this court on August 10, 2012.

On its face, the federal petition is untimely. For the purposes of this order, the court will assume that period of limitation started on May 7, 2008, when the second letter of recantation was sent. That was the time that petitioner would have learned of the all the factual predicates of his claim. See 28 U.S.C. § 2244(d)(1)(D). The illegal-sentence motion, filed on November 5, 2009, is capable of tolling the period of limitation pursuant to 28 U.S.C. § 2244(d)(2). See Tillema v. Long, 253 F.3d 494 (9th Cir. 2001).[2] However, 547 days passed between the second letter of recantation and the filing of the illegal-sentence motion. The one-year period of limitation had expired by the time petitioner filed the illegal-sentence motion, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Another 67 days passed between the Nevada Supreme Court's issuance of the remittitur on June 4, 2012, and the mailing of the federal petition on August 10, 2012. Even assuming the tolling of time during the pendency of the illegal-sentence motion, a total of 614 non-tolled days has passed, which exceeds the federal one-year period of limitation. Petitioner will need to show cause why the court should not dismiss this action as untimely.

In state court, petitioner presented a claim of actual innocence based upon the letters of recantation. The court can excuse the application of a procedural bar if a constitutional error in the

---

[2]The state habeas corpus petition, being untimely, is ineligible for tolling. See Pace, 544 U.S. at 417. However, this makes no difference, because the illegal-sentence motion, which is eligible for tolling, was pending at all times that the state habeas corpus petition was pending.

criminal proceedings "resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty. Id. at 624. Actual innocence can excuse application of § 2244(d). Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc).[3]

The letters of recantation do not establish that petitioner is actually innocent of the crimes at issue. Petitioner was convicted of two counts of sexual assault upon his daughter. The letters recant claims that petitioner had committed sexual assault upon his sister and his half-niece. At most, the letters show that incorrect information about uncharged acts was before the state district court at sentencing. While incorrect information might have affected petitioner's sentence, it does not meet the high standard for actual innocence to excuse a procedural default.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why this action should not be dismissed as untimely. Failure to comply with this order will result in the dismissal of this action.

---

[3] In McQuiggin v. Perkins, No. 12-126, the Supreme Court of the United States has taken up the question whether a claim of actual innocence is an exception to the normal rules of equitable tolling.

1    IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and a copy of this order. No response by respondents is necessary.

Dated: December 10, 2012.

/s/ Robert C. Jones
ROBERT C. JONES
Chief United States District Judge