UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY ALLEN WILSON,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>JACK PALMER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:12-cv-00437-MMD-WGC<br><br>ORDER |

Before the Court is petitioner's response to court order to show cause (dkt. no. 9). The Court finds that petitioner has not shown cause to excuse the untimeliness of this action, and the Court dismisses the action.

Pursuant to a plea agreement, petitioner was convicted in state district court of two counts of sexual assault upon his daughter. The state district court sentenced petitioner to two consecutive terms of life imprisonment with eligibility for parole beginning after five years. Exh. 3.[1] According to documents attached to the petition, the offenses occurred in April through November 1994 and in June 1995. Ex. 7. Based upon the dates of the offenses and the sentences imposed, the sexual-assault statute in effect at the time provided, in relevant part:

> 2. Any person who commits a sexual assault shall be punished: . . .
>
> 　　(b)　If no substantial bodily harm to the victim results:
>
> 　　　　(1)　By imprisonment in the state prison for life, with possibility of parole, beginning when a minimum of 5 years has been served; or
>
> 　　　　(2)　By imprisonment in the state prison for any definite term of 5 years or more, with eligibility for parole beginning when a minimum of 5 years has been served.

---

[1] Exhibits are attached to the petition (dkt. no. 8).

>   (c)   If the victim was a child under the age of 14 years, by imprisonment in the state prison for life with possibility of parole, eligibility for which begins when a minimum of 10 years has been served.

Nev. Rev. Stat. § 200.366 (1991). It appears that the aggravating factor of the victim's age was dropped as part of the plea agreement, and thus § 200.366(2)(b) was the operative part of the statute for petitioner's sentence. The state district court entered its judgment on October 28, 1998. Petitioner did not appeal, and the judgment became final on November 27, 1998.

The pre-sentence investigation report noted that petitioner was alleged to have sexually molested his sister and his half-niece. Exh. 7, at p. 9. On or around January 22, 2008, and May 7, 2008, petitioner received two letters that recanted those allegations. In his sole count for relief, petitioner argues that the prosecution harassed his sister into making those allegations. He further argues that the prosecution used those false allegations to persuade the state district court to impose a harsher sentence than it otherwise would have imposed.

Referring back to the Court's order to show cause (dkt. no. 7), the Court assumed that the one-year period of limitation started when petitioner received the second letter of recantation, on or around May 7, 2008. *See* 28 U.S.C. § 2244(d)(1)(D). The Court also assumed that a motion to correct an illegal sentence, filed in state district court on November 5, 2009, was eligible to toll the period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, the one-year period expired before petitioner filed the illegal-sentence motion. Even assuming that the time spent on the illegal-sentence motion was tolled, a total of 614 non-tolled days passed between the receipt of the second letter of recantation and the commencement of the action. That time exceeded the one-year period of limitation.

The Court rejected any claim that actual innocence based upon the letters of recantation could excuse the operation of the statute of limitation. Petitioner was convicted of sexually assaulting his daughter. The letters recant claims that petitioner
///

2

had sexually assaulted other people. The Court noted that the letters do not prove that petitioner did not commit the crime. Order (dkt. no. 7), at 4.

In his response (dkt. no. 9), petitioner notes that he filed a motion to correct an illegal sentence in the state district court. The state district court determined that two of the three issues he raised lacked merit. The state district court appointed counsel to litigate the remaining issue, that his sentence was illegal because it was based upon the recanted information. Exh. 3. Counsel filed a supplemental motion to correct an illegal sentence and a post-conviction petition for a writ of habeas corpus. Ultimately, the state district court and the parties agreed that the remaining issue was beyond the scope of an illegal-sentence motion. The state district court dismissed the illegal-sentence motion. Exh. 7, at 1-2. The state district court also dismissed the habeas corpus petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726. *Id.*, at 2-5.

Petitioner argues that counsel failed to follow the state district court's instructions, filed a habeas corpus petition, and thus caused his claim to be procedurally barred. This Court is not persuaded. The current issue is not procedural default, in which this Court does not reach the merits of the federal petition because a provision of state law barred state courts from considering the merits of the equivalent state petition. The current issue is the timeliness of the federal petition under the federal statute of limitation, 28 U.S.C. § 2244(d)(1). The Court assumed that all the time spent on the illegal-sentence motion, from November 5, 2009, through June 4, 2012, was eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2). Order (dkt. no. 7), at 3. The Court also noted that even though the untimely state habeas corpus petition was not eligible for tolling, it made no difference because at all relevant times the tolling-eligible illegal-sentence motion also was pending in the state courts. *Id.*, n.2. State post-conviction counsel did nothing to affect the timeliness of the current action.

The problem with the timeliness of this action is what happened *before* petitioner filed his illegal-sentence motion in state court. More than a year passed between petitioner's receipt of the second letter of recantation and the filing of the illegal-

sentence motion. The federal period of limitation expired before petitioner did anything in state court. To warrant equitable tolling, petitioner needed to explain why he was unable to file a petition in the year after receiving that letter, despite his diligent efforts. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Petitioner has not given any such explanation, and equitable tolling is not warranted.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

Attached to the petition is a motion for appointment of counsel. The Court denies that motion as moot because it is dismissing the action.

Petitioner has filed two motions for status checks (dkt. nos. 11, 13). These motions are moot.

IT IS THEREFORE ORDERED that the Clerk of the Court file the motion for appointment of counsel, which is attached to the end of the petition (dkt. no. 8).

IT IS FURTHER ORDERED that the motion for appointment of counsel is DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motions for status checks (dkt. nos. 11, 13) are DENIED as moot.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED THIS 18th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE